Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7917 | **DATE** | April 18, 2011 |
| **CASE TITLE** | Glessner v. Village of Bartlett et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS the Village's Motion to waive the protection of *Monell* and bar *Monell*-related discovery (doc. #21) provided it amends Paragraph 6 of its waiver consistent with this Order.

■[ For further details see below.]   Docketing to mail notice.

## STATEMENT

    Thomas Glessner sued the two police officers and the Village of Bartlett, alleging that the officers arrested him without probable cause and used excessive force against him in violation of 42 U.S.C. § 1983. Glessner further alleges that the officers maliciously caused him to be prosecuted. He seeks damages from the Village of Bartlett based upon Illinois' Tort Immunity Act, 745 ILCS 10/9-102, and pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Village moves to bar discovery related to Glessner's *Monell* claim, offering to waive the protections afforded to it by that decision.

    There is no *respondeat superior* liability for § 1983 claims. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Instead, to maintain a § 1983 action against a municipality, a plaintiff must demonstrate not only that his constitutional rights were violated but also that a municipality's official policy — whether spoken or unspoken — is the moving force behind the constitutional violation. *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 306 (7th Cir. 2010). Here, the Village offers to waive the protection offered by *Monell* and allow Glessner to prove the *Monell* claim simply by demonstrating that his constitutional rights were violated.

    Glessner raises several arguments objecting to the Village's proposed waiver and subsequent discovery bar. First, Glessner suggests that *Thomas* forecloses such an option. Glessner's argument misreads both *Thomas* and the Village's proposed waiver. *Thomas* did not involve a question concerning the waiver of *Monell* protection or even the bifurcation of *Monell* claims. Rather, in *Thomas*, the individual defendant officials were acquitted by the jury but the jury nonetheless found the county defendant liable for the plaintiff's deliberate indifference claims. *Thomas*, 604 F.3d at 302-03. The county defendant appealed, pushing for a rule that required a jury to find the individual officers liable as a prerequisite to a finding the municipality liable. *Id.* at 305. The Seventh Circuit rejected the defendant's argument, holding that a municipality can be held liable under *Monell* even when its officers are not so long as the findings would not create inconsistent verdicts. *Id.* Although some courts have taken up *Thomas* as they considered whether to bifurcate proceedings

## STATEMENT

involving *Monell* claims, they do so to guard against the potential that a plaintiff might have a claim against the municipality that does not require proof of the individual officers' liability. *See, e.g., Tanner v. City of Waukegan*, No. 10 C 1645, 2011 WL 686867 (N.D. Ill. Feb. 16, 2011).

Glessner does not suggest that he could prove his claims against the Village without proving the individual officers violated his constitutional rights. In *Thomas*, the court noted that to prove that the individual officers violated the plaintiff's medical needs required the plaintiff to demonstrate that they acted with a sufficiently culpable state of mind, which has both a subjective and an objective component. *Id.* at 301. The court noted that a jury could have found that the officers lacked the subjective intent to ignore the plaintiff's medical needs but were in fact incapable of responding adequately to those needs because of the county's policies. *Id.* at 305. Thus, in *Thomas*, a constitutional violation could be proven independent of the individual defendants' actions. *Id.* That is not the case here. In this case, Glessner alleges that the officers falsely arrested him and used excessive force in doing so. False arrest and excessive force claims, unlike deliberate indifference claims, lack a subjective element, and are determined by a standard of what is known to a *reasonable* officer. *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010); *Williams v. Rodriguez*, 509 F.3d 392, 39-99 (7th Cir. 2007). Glessner's *Monell* claim turns not upon a municipal policy that prevented the officers from acting, but rather on a systemic failure to train, investigate, and punish officers who violate citizens' civil rights. The Seventh Circuit makes clear that such failure to train claims cannot stand against a municipality unless there is an underlying constitutional violation by a municipal employee. *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010). Because Glessner cannot prove his claim against the Village without proving a constitutional violation by one of the two individual officers, *Thomas* poses no barrier to the Village's proposed waiver.

Glessner next argues that courts in this district have denied bifurcation motions, largely because no judicial time is saved. That argument does not apply here. As noted above, Glessner's *Monell* claim against the Village is dependent on demonstrating a constitutional violation by one of the individual defendants, and thus bifurcation can do away with the necessity for *Monell*-related proceedings entirely. If Glessner proves a constitutional violation by the individual officers, he will prevail on his *Monell* claim because of the Village's waiver. If Glessner fails to prove such a claim, he cannot prevail on his *Monell* claim. No other alternative outcomes are possible. Despite the fact that courts are reluctant to bifurcate proceedings, courts have allowed municipal defendants to waive the protection of *Monell*. *See, e.g. Lopez v. City of Chicago*, 464 F.3d 711, 717 n.1 (7th Cir. 2006) (observing that the district court had granted a motion to bar evidence related to *Monell* claim after city entered a *Monell*-waiver); *Tanner*, 2011 WL 686867, at *11; *Elrod v. City of Chicago*, No. 06 C 2505; 2007 WL 3241352, at *8 (N.D. Ill. Nov. 1, 2007). The Court finds that the Village's waiver of its *Monell* protection will result in substantial savings of judicial time, eliminating a legally complex and fact-specific dispute between the parties. It will also save the parties time and resources that would have been devoted to discovery related to Glessner's *Monell* claim.

Finally, Glessner argues that the *Monell* claim serves to deter future misconduct by the Village. Although Glessner is correct that § 1983 claims are forms of tort liability that operate to deter misconduct, *Owen v. City of Independence, Mo.*, 445 U.S. 622, 651-52 (1980), he never explains why a judgment based on *Monell* would provide a greater deterrent than a judgment based on the City's proposed waiver, under which it would still pay damages and attorney's fees.

A final note is in order, however. The Village's proposed waiver contains language the Court finds problematic. Although Paragraph 5 of the waiver notes that the Village agrees to an entry of judgment against it "if and only if the finder of fact in this case finds that Bartlett employees violated Plaintiff's constitutional rights," Paragraph 6 of the waiver walks back from this concession. In Paragraph 6, the Village states that the waiver also applies "if any of the individually named city employee defendants *is found liable*" on a Motion for Summary Judgment. *Thomas* makes clear that a plaintiff can prevail on a *Monell* claim even where individual defendants successfully assert they are entitled to qualified immunity. *Thomas*, 604 F.3d at 304. If the Village waives the requirement that Glessner prove that its policy is responsible for his injury, Glessner need only prove that the officers committed a constitutional violation. Thus, Glessner need not demonstrate that the officers are *liable* to him, as the Village states in Paragraph 6 of its waiver. Accordingly, the Court GRANTS the Village's Motion to waive the protection of *Monell* and bar *Monell*-related discovery provided it amends Paragraph 6 of its waiver consistent with this Order.