**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS GLESSNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No.  09-cv-07917 |
| | ) | |
| | ) | **Judge Joan H. Lefkow** |
| **KYLE RYBASKI, MIREYA FLORES, and** | ) | |
| **VILLAGE OF BARTLETT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Thomas Glessner ("Glessner"), filed a five-count complaint against Kyle Rybaski ("Rybaski"), Mireya Flores ("Flores"), and the Village of Bartlett ("the Village") (collectively referred to as "defendants") alleging claims under 42 U.S.C. § 1983 for false arrest (count I) and excessive force (count II), and claims under state law for malicious prosecution (count III) and indemnification against the Village under 745 ILL. COMP. STAT. 10/9-102 (count IV); and a claim based on *Monell* v. *Department of Social Services of the City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (count V).[1]  Before the court is defendants' motion for partial summary judgment on counts I, III, and IV.[2]  [Dkt. 52.]  For the reasons stated

---

[1] The Village agreed to waive its defense to the *Monell* claim although it denies having any "policies, customs, or practices" that cause constitutional deprivations of rights.  (Dkt. 41.)  In waiving its *Monell* defense, the Village agreed to an entry of judgment against it for compensatory damages and attorneys' fees deemed reasonable by the court if any of the Village's employees are found to have violated Glessner's constitutional rights.  (*Id*.)

[2] This court has jurisdiction under 28 U.S.C. § 1331 and § 1367.  Venue is proper under 28 U.S.C. § 1391.

below, defendants' motion is granted as to counts I and III insofar as it relates to the battery charge and denied with respect to count IV.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To determine whether any genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(e) & advisory committee notes (1963 amend.) While the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), where a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

## BACKGROUND[3]

On December 29, 2007, Glessner went to a bar, and around midnight, a bartender called a taxi cab for him. Sometime thereafter, Maurice Nwakobi picked up Glessner in his taxi cab and took him to his home in Bartlett, Illinois. Glessner believed that Nwakobi had taken a longer route to increase the fare. After arriving at Glessner's home, Glessner and Nwakobi had a dispute over the fare and some physical contact took place as a result. The parties dispute what happened next. Glessner alleged that Nwakobi made physical contact first by grabbing him

---

[3] The facts in the background section are taken from the parties' Local Rule 56.1 statement of facts and construed in the light most favorable to Glessner.

while Nwakobi stated that Glessner struck him in the face. Glessner also stated that he paid Nwakobi while Nwakobi denied that he was paid. Before leaving the scene, Glessner told Nwakobi that he was going to report him to his supervisor.

After the altercation, Nwakobi called 911 and stated that Glessner left his taxi without paying the fare and had taken a "swipe" at him. Officer Rybaski received a dispatch report about a non-emergency customer dispute. The dispatch operator did not mention a battery. Shortly thereafter, Officer Rybaski arrived at the scene and Nwakobi relayed his version of events. Nwakobi told Officer Rybaski during this conversation that Glessner had struck him after refusing to pay the fare. Nwakobi described Glessner as a white male, wearing a black and white checkered jacket, who was intoxicated. Officer Rybaski looked at Nwakobi's face and did not see any injuries. After Nwakobi spoke with Officer Rybaski, Officer Flores arrived at the scene. Officers Rybaski and Flores knocked on the door of Glessner's home. Glessner eventually came to the door and Officer Rybaski smelled the odor of alcohol emanating from Glessner's breath.

Officer Rybaski then told Glessner that the police received a complaint that Glessner had struck Nwakobi in the face after a dispute arose regarding the fare. Glessner denied striking Nwakobi and told Officers Rybaski and Flores that he had paid Nwakobi the cab fare.[4] Officer Rybaski handcuffed Glessner first as a safety measure but then subsequently placed Glessner under arrest after he resisted being handcuffed. Following the arrest, Officers Rybaski and Flores told Nwakobi to accompany them to the police station. Nwakobi signed a criminal complaint against Glessner for battery although Nwakobi did not know at that time that Glessner was being charged with a criminal offense. Nwakobi believed that the allegation contained in

---

[4] Officer Rybaski averred that Glessner never denied making physical contact with Nwakobi.

the complaint was correct when he signed the document. The complaint read in part that Glessner "intentionally caused bodily harm to Maurice E. Nwakobi, in that he struck Maurice E. Nwakobi in the face with his fist." (Dkt. 54-4.)

Glessner's criminal defense attorney subsequently filed a motion to suppress evidence based on a lack of probable cause. A DuPage County Circuit Court judge denied the motion finding that there was probable cause to believe that Glessner committed a battery. The judge initially scheduled a trial for September 22, 2008 but the trial was continued to June 1, 2009. Officer Rybaski did not receive a subpoena to appear at the June 1, 2009 trial but he did receive a letter from the DuPage County State's Attorney's Office ("State's Attorney's Office") about the June 1, 2009 trial date.

Sometime in approximately November 2008, Nwakobi received a subpoena from the State's Attorney's Office to testify at Glessner's trial. Nwakobi told the State's Attorney's Office that he could not set aside an entire day to appear at the trial. The State's Attorney's Office indicated that someone from the office would call him if they needed his testimony and Nwakobi agreed that if he received that call he would make himself available to testify. The State's Attorney's Office, however, never contacted Nwakobi about testifying at Glessner's criminal trial. Neither Nwakobi nor Officer Rybaski appeared for Glessner's trial. The prosecutor made a motion to *nolle prosequi* the case and the judge granted the motion.

## ANALYSIS

Defendants argue that because probable cause existed to arrest Glessner his claims in count I (a § 1983 false arrest claim); count III (a malicious prosecution claim under Illinois law); and count IV (a derivative claim for indemnification under Illinois law) all fail. Glessner argues

4

that sufficient factual questions remain as to whether probable cause for his arrest existed thus precluding summary judgment.

I.     **The § 1983 False Arrest Claim**

Glessner alleges that defendants violated his civil rights by falsely arresting him without probable cause. The existence of probable cause dooms a claim brought under § 1983 premised on false arrest. *See Mustafa* v. *City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Police officers have probable cause to make an arrest when "the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Id.* (internal quotation marks omitted). In other words, probable cause exists when a state of facts would lead a person of ordinary care to believe that the accused committed the offense charged. *See Logan* v. *Caterpillar*, 246 F.3d 912, 926 (7th Cir. 2001). Courts do not evaluate probable cause "based on the facts as an omniscient observer would have perceived them" but rather "on the facts as they would have appeared to a reasonable person in the position of the arresting officer-seeing what he saw, hearing what he heard." *Kelley* v. *Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (internal quotation marks omitted).[5]

The parties dispute whether Officer Rybaski had probable cause to arrest Glessner for battery. Under the Illinois Criminal Code, a person commits a battery "if he intentionally or knowingly without legal justification and by any means (1) causes bodily harm to an individual or (2) makes physical contact of insulting or provoking nature with an individual." 720 ILL.

---

[5] Whether probable cause existed is typically a question of fact for the jury; but a court may still grant summary judgment finding that probable cause existed if the facts supporting the probable cause determination are not in dispute. *Booker* v. *Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996).

COMP. STAT. 5/12-3(a)(1) & (2). Officer Rybaski arrived at the scene of the incident in response to a call placed by Nwakobi who told police dispatchers that Glessner refused to pay the cab fare and took a "swipe" at him. Officer Rybaski spoke with Nwakobi in person who relayed the same information stating that Glessner was intoxicated, refused to pay the taxi fare, and struck him in the face.[6] Nwakobi also described Glessner for Officer Rybaski and detailed that Glessner was wearing a black and white checked jacket. After appearing in his doorway, Glessner appeared intoxicated and was wearing a black and white checked jacket. As such, Officer Rybaski had probable cause to believe that Glessner had committed battery because he matched the description provided by Nwakobi. *See Woods* v. *City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) ("[A]n identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause."); *Mustafa*, 442 F.3d at 548 ("Once a reasonably credible witness informs an officer that a suspect has committed a crime, the police have probable cause to arrest the suspect."). That a DuPage County Circuit Court judge later denied Glessner's motion to suppress further supports that probable cause existed to arrest Glessner.[7]

---

[6] Glessner argues that the timing of when Officer Rybaski learned this information is disputed. According to Glessner, Nwakobi provided this information to defendant officers after they had already placed Glessner under arrest. Glessner's deposition testimony, however, belies this argument. Glessner testified that after opening his door, Officer Rybaski told Glessner that a cab driver made a complaint that a truant passenger had punched the driver in the face. Specifically, Glessner testified,

> [Officer Rybaski] said that he had a complaint from a cab driver, that he wasn't paid the correct fare, someone tried to sell him cocaine, and punched him in the head, or in the face. Then he asked to come in the house . . . I never said anything. After he stated that right there, he asked to come in the house. He spoke his piece, he said, like I said, he had a complaint from the cab driver that he wasn't paid the correct amount, sold cocaine and was punched in the head, and then he asked to come in the house.

(Dkt. 54-1, 75:21-76:14.)

[7] In their reply brief, defendants argue that the DuPage County Circuit Court judge's probable cause ruling precludes Glessner from re-litigating the issue based on collateral estoppel. *See Thompson* v.

6

Glessner advances several arguments in an attempt to defeat summary judgment, all of which fall short. First, Glessner argues that there is a material dispute as to whether Glessner ever made physical contact with Nwakobi. The standard for probable cause, however, "does not require that the existence of criminal activity is more likely true than not, rather (true to its label) probable cause simply requires a probability or substantial chance [that] criminal activity exists." *Harney* v. *City of Chicago*, --- F.3d ----, 2012 WL 6097336, at *4 (7th Cir. Dec. 10, 2012) (internal quotation marks omitted). Here, the question is not whether Glessner actually struck Nwakobi but rather whether "a prudent person, or one of reasonable caution" with Officer Rybaski's knowledge at the time would have believed that Glessner had committed a battery. *Mucha* v. *Vill. of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011); *see Shipman* v. *Hamilton*, 520 F.3d 775, 778 (7th Cir. 2008) ("The test is an objective one and evaluates whether probable cause existed on the facts as they appeared to a reasonable police officer, even if the reasonable belief of that officer is ultimately found to be incorrect.") (internal quotation marks omitted); *Mustafa*, 442 F.3d at 548 ("The existence of probable cause does not depend on the actual truth of the complaint."). As explained, based on Nwakobi's account of the incident and Officer Ryabski's subsequent encounter with Glessner, probable cause existed to believe that Glessner had committed a battery.

---

*Mueller*, 976 F. Supp. 762, 766 (N.D. Ill. 1997); *Arnold* v. *City of Chicago*, 776 F. Supp. 1259, 1262–63 (N.D. Ill. 1991). Because arguments raised for the first time in a reply brief are waived, the court will not decide the preclusive effect of the DuPage County Circuit Court judge's probable cause determination. *See Broaddus* v. *Shields*, 665 F.3d 846, 854 (7th Cir. 2011).

Second, Glessner argues that Nwakobi's credibility as a complaining witness is a question of fact.[8] Glessner challenges Nwakobi's recollection of the events arguing that Nwakobi took a prolonged detour to inflate the cab fare, which precipitated their argument. Glessner contends that he paid the cab fare and never struck Nwakobi. Glessner also notes that Nwakobi called the police because Glessner threatened to report Nwakobi to his supervisors. While Glessner disputes Nwakobi's version of events, Officer Rybaski spoke with Nwakobi shortly after the incident and he provided information (*i.e.*, that Glessner was intoxicated and dressed in a black and white checkered shirt) that Officer Rybaski corroborated before arresting Glessner. A police officer who does not witness a crime can rely on information provided by the victim that the officer finds credible. *See Holmes* v. *Vill. of Hoffman Estates*, 511 F.3d 673, 680 (7th Cir. 2007). Even giving credence to Glessner's position that he told Officer Rybaski that he paid the cab fare and denied striking Nwakobi, Officer Rybaski still had probable cause to arrest Glessner after speaking with Nwakobi. *See Logan,* 246 F.3d at 926 ("A disagreement about the relevant facts . . . does not preclude a finding of probable cause so long as the finding survives after adopting the plaintiff's version of the disputed facts for which there is some support in the record.") (internal quotation marks omitted); *see also Deng* v. *Sears, Roebuck & Co.*, 552 F.3d 574, 577 (7th Cir. 2009) ("A person's ability to explain away seemingly damning facts does not negate the existence of probable cause, even though it might provide a good defense should the case go to trial."). It was thus reasonable for Officer Rybaski to arrest Glessner based on

---

[8] Glessner also argues that Nwakobi did not know that defendant officers relied on his statement to arrest Glessner until after Nwakobi signed a criminal complaint. Nwakobi's post-arrest confusion regarding the import of the criminal complaint is not relevant to a finding of probable cause. *See Carmichael* v. *Vill. of Palatine*, 605 F.3d 451, 457 (7th Cir. 2010) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the officer at the time he acts.") (internal quotation marks omitted).

Nwakobi's complaint after corroborating his story. Accordingly, defendants are granted summary judgment with respect to count I.

## II.     The Malicious Prosecution Claim

Glessner also brings a malicious prosecution claim under Illinois law against defendants for charging him with battery. In order to establish this claim, Glessner must show "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Holland* v. *City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011) (quoting *Swick* v. *Liautaud*, 662 N.E.2d 1238, 1242, 169 Ill. 2d 504, 215 Ill. Dec. 98 (Ill. 1996)). Summary judgment is appropriate for defendants if Glessner fails to show that a genuine issue of fact exists for any one of the aforementioned factors. *See Washington* v. *Summerville*, 127 F.3d 552, 557 (7th Cir. 1998); *Joiner* v. *Benton Cmty. Bank*, 411 N.E.2d 229, 232, 82 Ill. 2d 40, 44 Ill. Dec. 260 (Ill. 1980).

The parties dispute whether the decision by the State's Attorney's Office to *nolle prosequi* the charge against Glessner equates to the termination of criminal proceedings in Glessner's favor.[9] A decision to *nolle prosequi* is not a final disposition of a criminal case but rather is a procedure that restores the matter to its pre-charging state. *Washington*, 127 F.3d at 557. In the context of a malicious prosecution claim, a decision to terminate criminal proceedings via *nolle prosequi* constitutes a termination in the plaintiff's favor unless the

---

[9] The parties do not contest the role that defendant officers played in instituting the criminal charge.

9

charges are dropped for reasons that are not indicative of innocence. *Logan*, 246 F.3d at 925 (citing *Swick*, 662 N.E.2d at 1242). The plaintiff has the burden of showing that the prosecutor decided to *nolle prosequi* the case for reasons consistent with the plaintiff's innocence. *Id*. A decision to *nolle prosequi*, standing alone without other reasons to show why charges were dropped, is not indicative of innocence. *See Washington*, 127 F.3d at 558. Here, the parties disagree over why the prosecutor dropped the battery charge. Glessner argues that Nwakobi and Officer Rybaski failed to appear because they knew that they had trumped up charges against Glessner. Defendants argue that Nwakobi and Officer Rybaski were unaware of the trial date and the prosecutor dropped the charge because the witnesses failed to appear.[10] Whether the failure of witnesses to appear resulting in a *nolle prosequi* constitutes a favorable termination of criminal proceedings is an open question under Illinois law. *See Deng*, 552 F.3d at 576 (discussing the failure of witnesses to appear at a preliminary hearing). This court does not need to decide this thorny issue because Glessner's malicious prosecution claim necessarily fails as there was probable cause for the battery charge. *See id*. at 577.

     A finding of probable cause for the crime charged is an absolute bar to a claim for malicious prosecution stemming from that charge. *See Holmes*, 511 F.3d at 681–82. The pertinent time for making the probable cause determination for purposes of a malicious prosecution claim is the time when the charging document is filed as opposed to the time of arrest. *See Holland*, 643 F.3d at 254. Under Illinois law, criminal charges may be commenced via an indictment, information, or criminal complaint. *Logan*, 246 F.3d at 922 (citing 725 ILL.

---

[10] Glessner also contends that Officer Rybaski knew about the June 1, 2009 trial date but still failed to appear to avoid testifying.

COMP. STAT. 5/111-1). Nwakobi's signing the criminal complaint alleging that Glessner struck him instituted the criminal battery charge. The court has already explained that probable cause existed for Glessner's arrest and Glessner fails to cite any evidence tending to show that those circumstances somehow changed between the time of the arrest and Nwakobi's signing the criminal complaint.[11] Accordingly, Glessner's malicious prosecution claim as to the battery charge fails because probable cause existed to bring that charge.[12] Defendants are granted summary judgment as to count III insofar as it pertains to the battery charge.

### III. The Indemnification Claim

Glessner also brings a state claim seeking indemnification against the Village premised on defendant officers culpability for the state law malicious prosecution claim. *See* 745 ILL. COMP. STAT. 10/9-102. Because Glessner's malicious prosecution claim based on the resisting arrest charge is still pending, Glessner can maintain his statutory indemnification claim against the Village. Defendants' motion as to count IV is denied.[13]

---

[11] Although Glessner contends that Nwakobi did not understand that signing the criminal complaint would result in a criminal charge being brought against Glessner, Nwakobi testified that the allegations substantiating the complaint (*i.e.*, that Glessner had struck Nwakobi with his fist) were accurate thus providing the basis for the criminal charge.

[12] Glessner also bases his malicious prosecution claim on defendants' commencing criminal proceedings against him for resisting a peace officer, a charge that the State's Attorney's Office ultimately did not pursue. Compl. 7. The court's ruling that probable cause foreclosed Glessner's malicious prosecution claim premised on the battery charge does not affect his malicious prosecution claim based on the resisting arrest charge. *See Holmes*, 511 F.3d at 682 ("[P]robable cause to believe an individual committed one crime . . . does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge.").

[13] Defendants requested that the court strike Glessner's request for attorneys' fees in counts III and IV. Because attorneys' fees are not recoverable under either a state malicious prosecution claim or under 745 ILL. COMP. STAT. 10/9-102, defendants' motion to strike is granted. *See Yang* v. *City of Chicago*, 745 N.E. 2d 541, 542, 546, 195 Ill. 2d 96, 253 Ill. Dec. 418 (Ill. 2001); *Morris B. Chapman & Assoc., Ltd.* v. *Kitzman*, 739 N.E. 2d 1263, 1271, 193 Ill. 2d 560, 251 Ill. Dec. 141 (Ill. 2000).

**CONCLUSION AND ORDER**

Defendants' motion for partial summary judgment is granted with respect to counts I and III insofar as it relates to the battery charge and denied with respect to count IV. This case will be called for a status hearing on February 14, 2013 at 8:30 a.m. The parties are directed to engage in a sincere effort to settle this case and to report the potential for settlement at the next status hearing and whether referral to the magistrate judge for a settlement conference would be helpful.

Dated: January 31, 2013

Enter: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge